**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWARD JAMES GAFFNEY, JR.,<br>Appellant,<br>v.<br>BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,<br>Appellee. | Civil Action No. 25-18633 (MAS)<br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Appellee Bank of New York Mellon Trust Company, N.A.'s ("Appellee") Motion to Dismiss (the "Motion") (ECF No. 7) Appellant Edward James Gaffney, Jr.'s ("Gaffney") Appeal (the "Appeal") (ECF No. 1) of a November 25, 2025, Bankruptcy Court Order Granting Motion for Relief From Stay. Gaffney did not oppose the Motion. The Court has carefully considered Appellee's submission and reaches its decision without oral argument under Local Civil Rule 78.1(b).

Appellee asks the Court to dismiss the Appeal because it was "not timely filed pursuant to [Federal Rule of Bankruptcy Procedure[1]] 8002(a)(1)" and therefore the Court lacks subject matter jurisdiction over the Appeal under 28 U.S.C. § 158(a). (Appellee's Moving Br. 3-4, ECF No. 7-1.) The Court agrees.

Pursuant to 28 U.S.C. § 158(a)(1), "district courts of the United States shall have jurisdiction to hear appeals" of certain bankruptcy court orders. The statute requires, however, that

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Bankruptcy Procedure.

such appeals "shall be taken . . . in the time provided by Rule 8002[.]" 28 U.S.C. § 158(c)(2). Rule 8002 provides that, aside from a few exceptions inapplicable here, "a notice of appeal must be filed with the bankruptcy clerk within [fourteen] days after the . . . order . . . to be appealed is entered."[2] Fed. R. Bankr. P. 8002(a)(1).

As recognized by the Third Circuit, "the statutory incorporation of [Rule 8002 in 28 U.S.C. § 158(a)] renders [Rule 8002's] requirement statutory and, hence, jurisdictional and non-waivable." *In re Caterbone*, 640 F.3d 108, 112 (3d Cir. 2011). Thus, where a party files an untimely appeal of a bankruptcy court order in violation of Rule 8002, the district court lacks subject matter jurisdiction and dismissal is proper. *Id.* at 112-14 (dismissing appeal and remanding to district court with instructions to dismiss appeal for lack of subject matter jurisdiction because it was untimely under Rule 8002(a)); *see also In re 40 Lakeview Drive, LLC*, 716 F. App'x 136, 138 (3d Cir. 2018) ("The District Court was required by Rule 8002(a)(1) to dismiss [the] appeal for lack of jurisdiction. [The] notice of appeal was due on May 23, 2017, and was not filed by that date.").

Here, the Bankruptcy Court issued the Order Granting Motion for Relief from Stay on November 25, 2025. (*See* Nov. 25, 2025, Bankr. Ct. Order, ECF No. 1-1.) Gaffney therefore needed to file his Appeal by December 9, 2025, to meet Rule 8002's fourteen-day time limit. Gaffney's

[2] The time to file under Rule 8002(a)(1) may be modified if: (1) a party files one of the motions listed in Rule 8002(b)(1); (2) the appealing party is an inmate confined in an institution; or (3) the Bankruptcy Court extends the time to file a notice of appeal. Fed. R. Bankr. P. 8002(b)-(d). None of these situations apply here.

Notice of Appeal, however, was not filed until December 11, 2025.[3] Because the Appeal was untimely, this Court lacks subject matter jurisdiction, and the Appeal must be dismissed. *See In re Caterbone*, 640 F.3d at 113-14.

Accordingly,

**IT IS**, on this 1st day of October 2026, **ORDERED** as follows:

1. Appellee's Motion to Dismiss (ECF No. 7) is **GRANTED**.
2. Gaffney's Appeal (ECF No. 1) is **DISMISSED WITH PREJUDICE**.
3. The Clerk of Court shall close this matter.

MASHIPP

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court notes that the Notice of Appeal is dated December 9, 2025, and it is unclear what day Gaffney mailed his Notice of Appeal. (*See* Notice of Appeal, ECF No. 1.) Even if Gaffney did mail his Appeal on or before December 9, 2025, that cannot save the Appeal, as the Third Circuit has recognized that the operative date is the filing date and not the mailing date. *See, e.g.*, *In re Caterbone*, 640 F.3d at 110, 110 n.1 (finding notice of appeal untimely because it was *filed* days after the window provided by Rule 8002(a), even though the appellant sent the notice days earlier by "first class mail and electronic mail").